In the Matter of the BOARD OF EDUCATION OF THE CORNWALL CENTRAL SCHOOL DISTRICT, Appellant, v EWALD B. NYQUIST, as Commissioner of Education, et al., Respondents.

Third Department, January 19, 1978

**APPEARANCES OF COUNSEL**

*John M. Donoghue* for appellant.

*Robert D. Stone (Donald O. Meserve* of counsel), for Ewald B. Nyquist, respondent.

## OPINION OF THE COURT

LARKIN, J.

Respondent Carolyn Curran is the mother of Anne Marie Curran, who was denied entrance to the public school kindergarten for the 1976-1977 academic year because, having been born on December 3, 1971, she did not become five years of age on or before December 1, 1976 (Education Law, § 3202, subd 1). After enrolling her daughter in a nonpublic school kindergarten, Ms. Curran requested that the appellant assume responsibility for transporting her between her home and the school. Appellant's denial of this request was reversed by the respondent Commissioner of Education under the authority of section 3635 of the Education Law. Special Term affirmed the commissioner's determination and this appeal ensued.

██ ██ Section 3635 of the Education Law, which sets forth the transportation obligations of a school district, provides in subdivision 1, insofar as is relevant herein, that "transportation shall be provided for all children attending grades kindergarten through eight who live more than two miles from the school which they legally attend". There is no limitation of this duty for children of any particular age. The predicate for the duty to provide the transportation is that the child attend one of the specified grades, that residence be more than two miles from the school and that the attendance be legal. While Anne Marie Curran was born two days too late to be entitled to attend kindergarten in 1976-1977 (Education Law, § 3202, subd 1), it does not necessarily follow, as appellant argues, that she was not entitled to transportation. Pursuant to section 207 of the Education Law the respondent commissioner, with the approval of the Board of Regents, prescribed regulations for the voluntary registration of nonpublic nursery schools and kindergartens, such as the school in which the child in question was enrolled (8 NYCRR Part 125). Once such a kindergarten has been registered by the Department of Education (8 NYCRR 125.1), a child may not be admitted "who is more than one month younger than the age of entrance into the public schools established by the school district in which that child resides" (8 NYCRR 125.9 [a]).

Anne Marie Curran, of course, qualified for admission to such a registered nonpublic kindergarten.

In view of the commissioner's regulations, we cannot say that his conclusion that the child in question did "legally attend" the said kindergarten during the 1976-1977 school year within the meaning of section 3635 of the Education Law and, therefore, was entitled to transportation by the appellant, was unjustified. Appellant has failed to present evidence that the determination was "purely arbitrary" *(Matter of Board of Educ. of City of N. Y. v Allen,* 6 NY2d 127, 141; accord, *Matter of Vetere v Allen,* 15 NY2d 259, cert den 382 US 825). The prior decisions of the commissioner denying transportation to children attending private kindergartens because they were too young under the compulsory education statute, are not controlling in that they were either decided before the effective date of 8 NYCRR 125.9 (a) (see *Matter of Cascio,* 7 Ed Dept Rep 75; *Matter of Nemeroff,* 5 Ed Dept Rep 95) or concerned a child who would not be eligible even under the said regulation *(Matter of Rosenberg,* 10 Ed Dept Rep 97).

The determination to allow a limited exception to the rule, so as to conform the transportation obligation of school districts with the age requirements of 8 NYCRR 125.9 (a) was neither arbitrary nor illegal.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAHONEY and HERLIHY, JJ., concur.

Judgment affirmed, without costs.